FILED

2009 Nov-17  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| MATTHEW HUGHES and ANNIE WELLS, individually and as class representatives, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GREENETRACK, INC., an Alabama corporation or organization; BALLY GAMING, INC., d/b/a BALLY GAMING EQUIPMENT AND SYSTEMS; Defendants. | ) ) ) ) ) ) ) ) ) |

CV _____

CV-09-P-2335-W

## CLASS ACTION COMPLAINT

### I.    PARTIES

1.    Plaintiffs Matthew Hughes and Annie Wells ("Plaintiffs") are adult resident citizens of Pickens County, Alabama, who is over the age of nineteen (19) years.

2.    Defendant Greenetrack, Inc. ("Greenetrack") is a corporation organized and existing under the laws of the State of Alabama.  Greenetrack participated in the design, marketing, promotion and operation of the illegal gambling operations at issue, the "Greenetrack" business operation and enterprise physically located in Greene County, Alabama.

3.     Defendant Bally Gaming, Inc. ("Bally"), d/b/a Bally Gaming Equipment and Systems, is a corporation organized and existing under the laws of the State of Nevada.  Bally participated in the design, marketing, promotion and operation of the illegal gambling operations at issue, and specifically but without limitation through the provision of gaming devices, and profited therefrom.

4.     Plaintiffs bring this action as an individual and as a class action pursuant to Rule 23(b)(3) and/or other applicable provisions of the Federal Rules of Civil Procedure. This class is more specifically defined as follows:

> All persons who, from four years prior to the filing of the Complaint to the date of final judgment in this action, suffered any loss, in connection with any game played on electronic machines at the facility commonly known as Greentrack in Eutaw, Alabama, but excluding (1) all judicial officers of the State of Alabama and the United States; (2) all officers, directors, or employees of the Defendants, and (3) Counsel for Plaintiffs and Defendants.

Plaintiffs, on behalf of herself and all putative class members, state that questions of law and fact common to all members of the class exist, including (a) whether Defendants are liable to the Class for the amount of losses incurred by the Plaintiffs and each putative class member; (b) whether the gambling operation of Defendants constituted an illegal gambling operation and/or an illegal lottery; (c) whether any of the equipment used to operate the gambling operation was, individually or in combination, illegal gambling equipment or illegal slot machine equipment; (d) whether Defendants' operation complies with Ala. Const. Amend.

743, recodified as <u>Ala. Const. Greene County Local Amendment</u> No. 1 ("the Amendment"); and whether Defendants engaged in a conspiracy to violate or otherwise violated Alabama statutes prohibiting gambling and/or Alabama statutes prohibiting lotteries. The issues common to the class as a whole predominate over any issues unique to individual class members. Plaintiffs, on behalf of themselves and all putative class members, further state that the class is so numerous that the joinder of individual class members is impractical, that based upon information and belief the membership of the class comprises thousands of persons, that Plaintiffs' claims are typical of those of the claims of the class, Plaintiffs have no conflicts of interest with other class members, and Plaintiffs and her counsel will fairly and adequately represent the interests of the class. A class action is superior to any other available means of adjudicating the claims presented herein, is manageable, and is the most efficient manner of ensuring relief to each member of the class (particularly in light of the amount of individual damages at stake). Class certification is therefore appropriate under Ala. R. Civ. P. 23(b)(3).

## II.    JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) and 28 U.S.C. § 1331.

11.    Venue is proper under 28 U.S.C. § 1391(a)(2), because the Defendants' illegal gambling operation made the basis of this action was and is situated in Greene County, Alabama.

### III.    FACTUAL ALLEGATIONS

12.    For a number of years, Greenetrack operated a pari-mutuel dog-racing establishment in Greene County, Alabama, known simply as "Greentrack." Sometime after 2003, after the adoption of the Amendment, traditional "bingo" games began to be offered at the "Greenetrack" facility.  There, patrons would play the game commonly known as "bingo," where patrons fill in or "daub" cards with numbers and letters chosen by chance and called out by a crier or game superintendent.

14.    Subsequently, Greenetrack entered into agreements with one or more third parties, including defendant Bally, for said third parties to provide goods and services, including but not limited to electronic gaming machines, which Greenetrack used to begin offering electronic games of chance which, but for the possible application of the Amendment, violated and continue to violate Alabama's anti-gambling laws.

15.    The electronic gaming machines, which now dominate the business operations of the "Greentrack" facility, have the "look and feel" of a Las Vegas-style slot machines.  The patron deposits cash money into a machine and then

presses a button or engages a lever, thus causing the "wheels" of the machine to appear to turn as a conventional slot machine. The patron then wins if a certain combination of visual images is attained, but otherwise loses the wager. The patron does not actively participate in the conduct of the game by, for example, daubing a "bingo" paper or electronic card. Rather, the "bingo" card is simply placed on the screen and, to the extent it is daubed at all, it is daubed by the computer running the game, not by the patron.

16.    Greenetrack has at all relevant times marketed its electronic gaming operation as a "Las Vegas-style" gambling experience. Indeed, its website, found at www.greenetrackpaysyoumoney.com, trumpets its gaming experience as offering the very same machines one can play in Las Vegas:

> Greenetrack has over 1,500 of [your] favorite Las Vegas gaming machines. Wheel of Fortune, Price Is Right, Double Diamonds, Draw Poker, Little Greene Men, American Bandstand, I Dream of Genie and many, many more! Come and check us out. You could be the next Big Jackpot Winner!

www.greenetrackpaysyoumoney.com/gaming.php (Exhibit 1 hereto).

17.    The Greenetrack facility is also equipped with Automated Teller Machines ("ATMs"), each of which was a computerized device used by patrons of the facility to access cash from their bank or credit card accounts, which cash was and is then used to participate in the electronic gaming operations. The ATMs

operate by interstate wire transmissions, which link the local ATM machines with other computer banking systems located in other stated.

18.     Patrons, including the Plaintiffs, began playing the electronic gaming machines.  Plaintiffs and others similarly situated played the electronic gaming machines and lost thousands of dollars playing those machines.  Additionally, Plaintiffs and others similarly situated used the ATM machines on numerous occasions to access cash in order to continue playing the games.  Other similarly situated persons did the same. Plaintiffs and others similarly situated incurred losses as a result thereof.

19.     The electronic gaming operation described hereinabove constituted, and continues to constitute, an illegal gambling operation under Alabama law. Alabama law generally prohibits gambling, unless a local constitutional amendment provides otherwise.  Defendants claim that their operation was and is within the parameters of a local amendment to the Alabama Constitution, applicable only to Greene County, previously codified as Amendment 743 to the Alabama Constitution, now codified as Madison County Local Amendment No. 1 ("Amendment").

20.     However, the gaming operation of Defendants and others at Greenetrack's facility is not within the confines of the Amendment, because (1) the games being played were and are not "bingo," as that term is used within the

6

Amendment, (2) even if it were "bingo," the Amendment does not allow the playing of "bingo" (or any other game) through the use of a slot machine, the latter of which is illegal gambling under Alabama law. Accordingly, the games themselves were and are illegal.

21. Moreover, even if the game being played was "bingo" within the Amendment, and even if the Amendment authorized the playing of alleged bingo games with slot machines (which is otherwise illegal under Alabama law), Defendants' operations at the Greentrack facility were otherwise not within the Amendment, and continue to violate said Amendment, for a number of reasons, including but not limited to the following:

a. the alleged bingo games were not operated solely by a nonprofit organization, as required by the Amendment;

b. bingo games have not been conducted, and are not being conducted, on premises which are owned or leased by a nonprofit corporation, because Greenetrack is a for-profit entity.

c. the operator(s) of the bingo games have entered into contracts with third parties, under which third parties are providing goods or services, including but not limited to gaming machines, in exchange for payment of monies, in violation of the Amendment, and continue to operate under said contracts;

d.      the prizes awarded for the alleged bingo games exceeded and continue to exceed the maximum values on such prizes prescribed by the amendment;

e.      the non-profit organizations lent its name to be used in the operating of the alleged bingo games and the bingo facility, where said organization was not solely and directly operating the games and facility, in violation of the amendment;

f.      the non-profit organization was merely a front for an illegal gaming operation, operated for profit, in which all of the defendants, separately and severally, participated and/or profited.

g.      the equipment which has been used at the facility, and which continues to be used, does not comply with the stamping requirements set forth in section (5) of the Amendment.

h.      the advertising of the "Greenetrack" operation does not comply with the nonprofit disclosures set forth in section (7) of the Amendment.

## COUNT ONE – RECOVERY UNDER ALA. CODE 8-1-150

22.    Plaintiffs incorporates by reference herein all allegations of paragraphs 1-21 above, with the same force and effect as if set forth separately and severally herein.

8

23.    This claim is brought by Plaintiffs on behalf of a subclass defined as follows:  All members of the class defined in paragraph 4 who, from six months prior to the filing of the Complaint to the date of final judgment in this action, suffered any loss, in connection with any game played on electronic machines at the facility commonly known as Greenetrack in Eutaw, Alabama.

24.    Plaintiffs, and certain class members, separately and severally, entered into contracts with the Defendants, which required that they pay money to the Defendants in order to engage in play on Defendants' electronic games, which were represented to be legitimate and legal charitable bingo games when, in fact, they were neither charitable nor bingo.

25.    Defendants have engaged in, and have conspired to engage in, illegal gambling, lottery and gaming activity in violation of Alabama law, including but not limited to Ala. Code §§ 13A-12-20(10) and 13A-12-27, and they continue to do so.  Defendants have further conducted the gambling operation through the use of equipment which is illegal under Alabama law, including but not limited to Ala. Code §§ 13A-12-20(10) and 13A-12-27, and they continue to do so.  Additionally, Defendant Greenetrack has violated and continues to violate Ala. Code § 13A-12-53 in that said Defendant, as owner, proprietor or keeper of the physical facility in which the electronic gaming operation was housed, caused or allowed the facility to be wired with electronic appliances and devices, including but not limited to the

gaming devices themselves and the ATM machines, which were to be used to communicate with occupants of the facility.

26.     Such illegal gambling, gaming and lottery activity underlies each and every contract between Defendants, on the one hand, and Plaintiff and those certain putative class members, on the other hand, and therefore, each such contract is founded in whole or in part on a gambling consideration.

27.     Section 8-1-150 of the Alabama Code provides in relevant part that any contract founded in whole or in part on a gambling consideration is void, and "[a]ny person who has paid any money or delivered any thing of value lost upon any game or wager may recover such money, thing, or its value" through a civil lawsuit. Additional provisions of said statute allow for further recovery by spouses, children, and next of kin of persons suffering a loss.

28.     As a result of the foregoing, Defendants are separately and severally liable for the loss of Plaintiffs and each putative class member on each purchase or transaction in the gambling operation, by virtue of Ala. Code § 8-1-150.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, on behalf of herself and on behalf of the putative class, respectfully requests the Court to certify the above-described class, appoint Plaintiffs as the duly authorized Class Representatives of that class, appoint the undersigned as class counsel for that class, and thereupon award Plaintiffs and the class damages or restitution in an

amount equal to all monies generated or paid in the gambling operation, together with interest, costs and attorneys' fees. Plaintiffs again on behalf of themselves and on behalf of the putative class, further request that this Court order Defendants to preserve and maintain all records and data (whether in electronic form or otherwise) that existed as of the filing of this complaint or which may thereafter be created. Plaintiffs further request that the Court impose a constructive trust on all monies obtained from members of the class pursuant to the gambling operation for purposes of effectuating the relief requested herein, and order the Defendants to provide an accounting of all transactions in the gambling operation.

## COUNT TWO – NEGLIGENCE AND WANTONNESS *PER SE*

29.    Plaintiffs incorporate by reference herein all allegations of paragraphs 1-22 above, with the same force and effect as if set forth separately and severally herein.

30.    This claim is brought by Plaintiffs on behalf of a subclass defined as follows:  All members of the class defined in paragraph 4 who, from two years prior to the filing of the Complaint to the date of final judgment in this action, suffered any loss, in connection with any game played on electronic machines at the facility commonly known as Greenetrack in Eutaw, Alabama.

31.    Defendants have engaged in, and have conspired to engage in, illegal gambling, lottery and gaming activity in violation of Alabama law, including but

not limited to Ala. Code §§ 13A-12-20(10) and 13A-12-27, and continue to do so. Defendants have further conducted the gambling operation through the use of equipment which is illegal under Alabama law, including but not limited to Ala. Code §§ 13A-12-20(10) and 13A-12-27. Additionally, Defendant Greenetrack has violated Ala. Code § 13A-12-53 and continues to do so, in that said Defendant, as owner, proprietor or keeper of the physical facility in which the electronic gaming operation was housed, caused or allowed the facility to be wired with electronic appliances and devices, including but not limited to the gaming devices themselves and the ATM machines, which were to be used to communicate with occupants of the facility. Those statutes were and are designed to protect the citizens of Alabama from the vice and addictive propensities of illegal gambling.

32.    Such illegal activity by the Defendants, in violation of the statutes noted above, has caused damage to Plaintiffs and the members of the Class. Because Defendants' actions were willful and intentional, and performed with reckless disregard of the rights of the Plaintiffs and those of the Class Members, punitive damages are also sought under Ala. Code § 6-11-20.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs on behalf of themselves and on behalf of the putative class, respectfully requests the Court to certify the above-described class, appoint Plaintiffs as the duly authorized Class Representative of that class, appoint the undersigned as class counsel for that class,

and thereupon award Plaintiffs and the class damages or restitution in an amount equal to the aggregate amount of monies paid to the Defendants in the gambling operation, together with such additional compensatory and punitive damages as may be awarded, and interest and costs. Plaintiffs again on behalf of herself and on behalf of the putative class, further requests that this Court order Defendants to preserve and maintain all records and data (whether in electronic form or otherwise) that existed as of the filing of this complaint or which may thereafter be created.  Plaintiffs further request that the Court impose a constructive trust on all monies obtained from members of the class pursuant to the gambling operation for purposes of effectuating the relief requested herein, and order the Defendants to provide an accounting of all transactions in the gambling operation.

## COUNT FOUR – VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO"), 18 U.S.C. § 1961 et seq.

33.    Plaintiffs reallege and adopt by reference the factual allegations portion of the Complaint, located at paragraphs 12-22 of the Complaint.

### Allegations Common to All RICO Sub-Counts

34.    Each of the Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3) in that each did in fact, or was or is capable of, holding an interest in property.

35.    Each of the Defendants, separately and severally, has engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1), by committing the following predicate acts:

(a)    Defendant Greenetrack committed multiple violations of Ala. Code § 13A-12-53, a criminal act which under Alabama law is punishable by more than one year in prison in that said Defendants, as owner, proprietor or keeper of the physical facility in which the electronic gaming operation was housed, caused or allowed its facility to be wired with electronic appliances and devices on multiple occasions, including but not limited to the gaming devices themselves and the ATM machines, which were in turn used to communicate with occupants of the facility and/or to facilitate communication among occupants of the facility.

(b)    Defendants jointly and severally violated 18 U.S.C. § 1084(a) by (1) being engaged in the business of wagering or betting, in that the Defendants are using the Greentrack facility, which as alleged below is the RICO enterprise known commonly as "Greentrack," to conduct illegal gambling operations in violation of the Amendment; and by (2) knowingly using one or more wire communication facilities for transmission in interstate commerce of information used in connection with the placing of bets or wagers, including but not limited to the  interstate wires which were connected to the ATM machines housed at the Greentrack facility for the purpose of allowing patrons of the electronic gaming

operation to access cash, which would in turn be used in the playing of Defendants' illegal gaming operations, and including but not limited to the interstate wires which connect the computer servers running the illegal games at the Greenetrack facility to other computer servers outside Alabama.

(c)    Defendants repeatedly violated 18 U.S.C. § 1952, by (1) using a facility of interstate commerce, in the form of multiple wire transmissions emitting from the ATM machines and/or the gaming devices themselves, (2) with the intent to promote and facilitate the committing of an illegal activity under a State or federal law, in the form of the illegal gambling operation described hereinabove, and (3) thereafter engaged in the promotion, establishment, and maintenance of an illegal gambling operation on which a federal excise tax had not been paid.

(d)    Bally has repeatedly violated 18 U.S.C. § 1953 by (1) knowingly carrying or transporting gaming devices in interstate commerce, specifically the gaming machines themselves, which were brought to the Greenetrack facility from locations outside Alabama, (2) where such devices were to be used, and were used, in illegal gambling games within the meaning of section 1953(a)(3).

(e)    All Defendants repeatedly violated 18 U.S.C. § 1955. The Greenetrack electronic gaming operation in issue was and is an "illegal gambling business" which has been and continues to be in continuous operation for years,

15

and taking in millions of dollars, in that (1) the operation was in violation of the law of Alabama, where it was conducted; (2) the operation involved more than five persons who either owned, operated, or financed all or part of the operation; and (3) the operation was in continuous existence for a period of more than 30 days.

(f)   Defendants also repeatedly violated 18 U.S.C. §1957, in that each and every Defendant received payment of an amount in excess of $10,000, which proceeds were the direct result of the illegal gambling operation described herein, and then engaged in monetary transactions with those amounts with knowledge of the illegality of the manner in which the proceeds were derived.

36.   Defendants engaged in a "pattern" of racketeering activity within the meaning of 18 U.S.C. § 1962(2). Each of the Defendants is currently and continuously engaged and engaging in the same "racketeering activity" as that described in paragraph 36, and thus each of Defendants are engaged in an open-ended and continuous pattern of racketeering activity, to wit –

(a)   Defendants are continuing to commit violations of Ala. Code § 13A-12-53.   These Defendants continue to engage in illegal gaming operations at Greenetrack. In these current operations, said Defendants, as owner, proprietor or keeper of one or more physical facilities in which the electronic gaming operation are housed, have caused or allowed their facilities to be wired with electronic appliances and devices on multiple

occasions, including but not limited to the gaming devices themselves and the servers running same and the ATM machines, which are in turn used to communicate with occupants of the facility and/or to facilitate communication among occupants of the facility. These take the form, for example, of the computer servers which link the gaming devices together. Indeed, Defendants' illegal operation has not substantially changed and is currently being run in the same illegal manner as alleged hereinabove.

(b)     Defendants are continuing to separately and severally violate 18 U.S.C. § 1084(a).    As alleged in paragraph above, Defendants are participating in illegal games in Greenetrack in Greene County, Alabama. In each of these operations, Bally has been and is currently violating 18 U.S.C. § 1084(a) in the following ways, without limitation –

(i)     Bally receives a substantial percentage of the revenues from the operations of its machines there, and Bally provides services in exchange for payment at those facilities, and thus is violating the no-third-party vendor provisions of the Amendment;

(ii)    Bally is actually the operator of the machines it installs by, among other means, controlling the computer servers on which its games run, having

17

primary if not exclusive responsibility for the maintenance and operation of the machines it installs, and receiving a substantial amount of revenues in exchange for those services under participation agreements. Current operation of the games by Bally is in violation of the Amendment, in that such amendments require a nonprofit organization to operate the bingo games.

(iii) Bally supplies gaming devices to the Greenetrack facility which are "slot machines" under Ala. Code §§ 13A-12-20(10) and 13A-12-27, which the Amendment does not allow, and which general Alabama law proscribes.

(c)    Bally is currently violating 18 U.S.C. § 1953, in that it has transported and continues to transport gaming devices in interstate commerce – the machines which are and continue to be supplied to Defendants' illegal gambling operations at the Greenetrack facility – where such devices are used in the commission of illegal gambling operations.

(d)    Defendants continue to violate 18 U.S.C. § 1955, in that they are participants in illegal gambling operations (the operations currently going on in

Greene County, without limitation) which have been in continuous existence for more than 30 days, where the operation is in violation of Alabama law; and which involve more than five persons;

(e)   All defendants are continuing to violate 18 U.S.C. § 1957, in that each defendant has derived monies in excess of $10,000 from the operations of illegal gambling enterprises which are currently in operation in Greene County, and continue to do so.

37.   The facility known as "Greenetrack" was and is the business enterprise being conducted by the Defendants.   Greenetrack conducts some legitimate business operations, such as the conducting of paper bingo games which otherwise are in compliance with the Amendment.   Additionally, Greenetrack conducts otherwise legal business operations in the conduct of pari-mutuel dog racing.   The Defendants operated the enterprise of "Greenetrack" through their various contractual agreements and other arrangements, the combination of which allows all of the essential services of "Greenetrack" to be provided.   Bally and other entities (unknown to Plaintiffs at this time) supplied and continue to supply electronic gaming machines; Greenetrack, Inc. conducted (and continues to conduct) the day-to-day operations of "Greenetrack" and paid the other Defendants for services they provided. Defendants therefore associated with one another in fact, through their agreements and arrangements, to form "Greenetrack," which

association-in-fact constitutes the "enterprise" for purposes of 18 U.S.C. 1951(4). The Defendants conducted the illegal aspects of the "Greenetrack" enterprise and continue to do so.

## Specific RICO Violations

### COUNT 4(a) – VIOLATION OF 18 U.S.C. § 1962(c)

38.     Defendants, through their various contractual relationships and performance of contractual obligations, all contributed to the conduct of the enterprise known as "Greenetrack."

39.     Defendants contributed to the performance of "Greenetrack" through employing and engaging in a "pattern of racketeering activity," as alleged more fully in paragraphs 35-36 above.  Each Defendant performed multiple predicate acts of "racketeering activity" which contributed to the conduct of the affairs of "Greenetrack" – indeed, each of the acts were essential to the operation of the enterprise.

40.     Defendants' conduct of the affairs of "Greenetrack" through the "pattern of racketeering activity" directly caused injury to the Plaintiffs and members of the putative class.  Without Defendants' engaging in these acts of "racketeering activity," Defendants could not have operated the establishment and enterprise known and advertised as "Greenetrack," and without said operation, Plaintiffs and the class members would never have participated in the electronic

games played at "Greenetrack," and therefore would never have lost money playing said games in the absence of Defendants' "racketeering activity." Indeed, without the Defendants' engaging in "racketeering activity" and violating Alabama law, the enterprise known as "Greenetrack" would never have been allowed to operate at all.

### COUNT 4(b) – VIOLATION OF 18 U.S.C. § 1962(d)

42.    Defendants agreed, expressly and/or impliedly, to form the "Greenetrack" enterprise and to conduct its affairs through a pattern of racketeering activity.

43.    Each of the Defendants committed multiple overt acts in furtherance of the agreement, as alleged more fully in paragraphs 35-36 supra.

44.    Based on the allegations above, Defendants combined and conspired to commit the violations set forth in Count 4(a), therefore giving rise to a combination and conspiracy in violation of 18 U.S.C. § 1962(d).

45.    Plaintiffs were injured as a proximate result of the Defendants' conspiracy.   Defendants' agreement to operate "Greenetrack" in an unlawful manner directly caused Plaintiffs and class members to play the games there, and without Defendants' engaging in these acts of "racketeering activity," Defendants could not have operated the establishment and enterprise known and advertised as "Greenetrack," and without said operation, Plaintiff and the class members would

never have participated in the electronic games played at "Greenetrack," and therefore would never have lost money playing said games in the absence of Defendants' "racketeering activity." Indeed, without the Defendants' engaging in "racketeering activity" and violating Alabama law, the enterprise known as "Greenetrack" would never have been allowed to operate at all.

## COUNT 4 PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the class, requests that this Court award the following relief:

1.     Pursuant to 18 U.S.C. § 1964(c), an award of treble damages for all losses of money or property suffered by Plaintiffs and members of the class, together with costs of the suit and reasonable attorneys' fees;

2.     Pursuant to 18 U.S.C. § 1964(a), an Order directing Defendants to be enjoined and restrained from engaging in the same type of endeavor as "VFW Charity Bingo" without approval of this Court;

3.     Such further relief as may be shown to the trier of fact or the Court.

Respectfully submitted,

/s/ **James E. Fleenor, Jr.**
James E. Fleenor, Jr.
Wilson F. Green
Counsel for Plaintiffs

22

**OF COUNSEL:**
**BATTLE FLEENOR GREEN WINN & CLEMMER LLP**
2316 University Boulevard, Ste. 200
Tuscaloosa, Alabama 35401
(205) 722-1018
jfleenor@bfgwc.com
wgreen@bfgwc.com

Samuel W. Junkin
**JUNKIN PEARSON HARRISON & JUNKIN LLP**
601 Greensboro Avenue
Suite 600 Alston Place
Tuscaloosa, Alabama 35401
(205) 366-0111
sam@jphj.net


**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Greenetrack, Inc.
c/o William Lee
EXIT 45/MARTIN LUTHER KING DR
EUTAW, AL 35462

Bally Technologies, Inc.
d/b/a Bally Gaming Equipment & Systems
THE CORPORATION COMPANY
2000 INTERSTATE PARK DR STE 204
MONTGOMERY, AL 36109